UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

MICHAEL R. MAIORINO,

         Debtor.

CASE NO. 08-21335

DECISION & ORDER

_____

## BACKGROUND

  On June 2, 2008, Michael R. Maiorino (the "Debtor") filed a petition initiating a Chapter 13 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that he had a tenant by the entirety interest with his non-filing spouse in his residence at 2 Hidden Meadow Drive, Penfield, New York (the "Hidden Meadow Drive Property"), which had a current fair market value of $200,000.00 and a secured claim against it in favor of GMAC as the assignee of a Money Store Mortgage that had an outstanding balance of $187,000.00 (the "GMAC Mortgage").

  The Debtor's June 23, 2008 Chapter 13 Plan (the "Plan") proposed to pay the Chapter 13 Trustee (the "Trustee") $4,100.00 per month for sixty months with GMAC to receive a monthly payment of $3,791.69 together with interest at eight percent per annum, which would pay the GMAC Mortgage in full.

**BK. 08-21335**

On September 9, 2008,[1] GMAC filed a Motion to Terminate the Automatic Stay (the "Stay Motion") for the Hidden Meadow Drive Property, which asserted that: (1) the market value of the Property was $200,000.00, based upon the Debtor's Schedules; (2) the amount due on the GMAC Mortgage, executed on October 7, 1998 in the original principal amount of $131,600.00, was $168,287.83; (3) the Debtor had failed to pay GMAC post-petition monthly mortgage payments of $3,798.43 each for the months of July and August, 2008; (4) as a result of the Debtor's failure to pay post-petition mortgage payments, GMAC was receiving insufficient funds to pay the principal and interest amounts due on the Mortgage, as well as accruing real estate taxes and insurance, so that the stay should be terminated; and (5) GMAC was only the servicer for the Bank of New York Mellon Trust Company National Association, the actual current holder of the GMAC Mortgage.

On September 15, 2008, GMAC filed an Objection to the Confirmation of the Debtor's Plan (the "GMAC Objection"), which asserted that: (1) GMAC's September 5, 2008 Proof of Claim indicated that as of the date of the petition there was $220,609.75 due on the GMAC Mortgage, which included principal, accrued interest at 11.05%, late charges, attorneys' fees and an escrow

---

[1] The Stay Motion was originally filed on September 9, 2009, but with regard to the wrong Debtor and property. This error was subsequently corrected and the proper motion papers were filed on October 9, 2008.

**Page 2**

**BK. 08-21335**

advance of in excess of $40,000.00; (2) GMAC did not consent to the Debtor's Plan that proposed to pay the GMAC Mortgage in full over five years with interest by the payments proposed in the Plan; and (3) the Debtor's proposed treatment of the GMAC Mortgage violated the anti-modification provisions of Section 1322(b)(2)[2] of the Bankruptcy Code.

On December 12, 2008, the Debtor filed a Memorandum of Law (the "Debtor Memorandum") in support of the confirmation of the Plan and in opposition to the GMAC Objection and Stay Motion, which asserted that: (1) the Debtor's Plan proposed to modify the GMAC Mortgage as permitted by Section 1322(c)(2);[3] (2) pursuant to

---

[2]  Section 1322(b)(2) provides that:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]

11 U.S.C. § 1322 (2009).

[3]  Section 1322(c)(2) provides that:

> (c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—
> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325 (a)(5) of this title.

11 U.S.C. § 1322 (2009).

**BK. 08-21335**

Section 5(c) of the Adjustable Rate Note (the "Note") that was secured by the GMAC Mortgage, the Debtor was obligated to pay the full amount of principal and interest due in the event of a default resulting from a failure to make the required monthly payments on the Note; (3) after the Debtor defaulted on the payments due on the Note, GMAC commenced a mortgage foreclosure proceeding, and on June 21, 2001, the New York State Supreme Court, Monroe County, entered a judgment of foreclosure in the amount of $144,311.16 plus costs (the "Foreclosure Judgment"); (4) the provisions of the GMAC Mortgage for acceleration in the event of a default that were exercised in this case by GMAC electing to obtain the Foreclosure Judgment, were part of the original terms of the Mortgage, so that within the meaning of Section 1322(c)(2), the last payment due on the Mortgage had become due before the last payment due under the Plan; and (5) in support of the Debtor's analysis, the Debtor offered the decision of the Bankruptcy Court for the District of New Jersey in *In re Nepil*, 206 B.R. 72 (Bankr. D.N.J. 1997) ("*Nepil*").

On December 8, 2008, GMAC filed a Supplemental Affirmation in Opposition to the Debtor's Plan and in support of the Stay Motion, which asserted that: (1) pursuant to the terms of the Note and the GMAC Mortgage, the last payment under the original payment schedule was due on November 21, 2028; (2) subsequent to the decision in

**Page 4**

**BK. 08-21335**

*Nepil*, two other bankruptcy court decisions in the District of New Jersey disagreed with the decision and held that an accelerated mortgage after a default, even if a judgment of foreclosure is entered, does not fall within the provisions of Section 1322(c)(2), because that does not constitute the date of the last payment on the original payment schedule.[4]

## DISCUSSION

This Court sustains the GMAC Objection to the Debtor's Plan, and finds that the GMAC Mortgage, even though a state court foreclosure judgment was entered, is not eligible for modification pursuant to the provisions of Section 1322(c)(2), for the following reasons:

1. This Court is persuaded by, and adopts the reasonings of, the decisions in *Rowe, Duran* and *Amos*, which hold that: (a) Section 1322(c)(2) does not apply to a long-term mortgage that, but for a debtor's prepetition default and acceleration, would by its terms have extended beyond the term of the Chapter 13 plan; and (b) the phrase "last payment on the original payment schedule," as used in Section 1322(c), refers to the payments due under the original mortgage note and

---

[4] See *In re Rowe*, 239 B.R. 44 (Bankr. D.N.J. 1999) ("*Rowe*"), and *In re Duran*, 271 B.R. 888 (Bankr. D.Wyo. 2001) ("*Duran*"), and other courts, including *In re Amos*, 259 B.R. 317 (Bankr. C.D.Ill. 2001) ("*Amos*"), have held that Section 1322(c)(2) does not empower the Plan to bifurcate a mortgage based upon an acceleration and commencement of foreclosure before the petition.

**Page 5**

> mortgage, not to a mortgage accelerated by a default, including one where a foreclosure judgment has been entered;

2. Many of the discussions at the oral arguments on the GMAC Objection centered around the Court's concern regarding the legislative history to Section 1322(c)(2), specifically that it was intended to overrule the decision of the United States Court of Appeals for the Third Circuit in *First National Fidelity Corp. v. Perry*, 945 F.2d 61 (3rd Cir. 1991) ("*Perry*"), which did not permit the full payment of a mortgage foreclosure judgment in a debtor's Chapter 13 plan. Notwithstanding this statement in the legislative history to Section 1322(c)(2), it should not be overlooked that in order to be able to modify such a mortgage, Congress chose to include the qualifying language "on the original payment schedule" rather than to enact language that would include all mortgages where the last payment becomes due before the date of the final plan payment. This Court believes that, in the context of Section 1322(c)(2), it would be a contrived reading of that phrase to conclude that it includes a mortgage accelerated upon a default. As a result, this Court now is convinced that the intent of Congress was not to allow all mortgages that had become all due and payable to be paid through a Chapter 13 plan, but only those, as clearly stated

        in the legislative history and in the statute itself, where "the last payment on the original payment schedule is due before the date on which the final payment under the plan is due." This does not include accelerated mortgages, but only mortgages that have matured by their original payment terms;

3. Although all of the circumstances under which a debtor might be better off by intentionally going into default on a mortgage, so that it could be modified in a Chapter 13 proceeding may be numerous and unclear, if a mortgage that has been accelerated by a debtor's default is held to be eligible for modification under Section 1322(c)(2), such a holding could open up the possibility of abuse;

4. Although the Debtor's proposal to pay the GMAC Mortgage in full over five years with interest at eight percent (8%) per annum, may as a practical matter seem to be an attractive proposal, practicality is not relevant in view of the clear language and intent of Section 1322(c)(2).

        In its pleadings interposed in the GMAC Objection and the Stay Motion, GMAC has not denied that the Debtor, pursuant to Section 1322(b)(5), can decelerate and cure the GMAC Mortgage by an amended plan, which also provides for maintaining current payments on the Mortgage, and that the Debtor's disposable income indicates that such an amended plan may be feasible.

        **Page 7**

**BK. 08-21335**

As a result, the Court is not prepared to grant the Stay Motion at this time, but will give the Debtor until March 30, 2009 to file such an amended plan, which, if filed, will be considered along with the Stay Motion, which is adjourned to April 6, 2009 at 2:00 p.m., the adjourned confirmation date in the Debtor's Chapter 13 case.

### CONCLUSION

For the reasons set forth here in this Decision & Order, the GMAC Objection is in all respects sustained; the Stay Motion is adjourned to April 6, 2009 at 2:00 p.m.; the Debtor shall have until March 30, 2009 to file an amended plan; and if such an amended plan is filed, it will be considered at the adjourned confirmation hearing.

**IT IS SO ORDERED.**

                                                  **/s/**
                                **HON. JOHN C. NINFO, II**
                                **U.S. BANKRUPTCY JUDGE**

**Dated: March 11, 2009**